UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-07744-AH-MARx | Date | September 24, 2026 |
| Title | *Maria Sanchez v. Michaels Stores, Inc. et al.* | | |

| | |
|---|---|
| Present: The Honorable | Anne Hwang, United States District Judge |

| | |
|---|---|
| Yolanda Skipper | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER GRANTING MOTION TO REMAND (DKT. NO. 12) [JS-6]**

Before the Court is Plaintiff Maria Sanchez's ("Plaintiff") Motion to Remand ("Motion"). Dkt. No. 12. Defendants Michaels Stores, Inc.; Lisa McCann; and Aaron Christensen (collectively, "Defendants") opposed. Dkt. No. 13. Plaintiff replied. Dkt. No. 16. The Court deems this Motion appropriate for decision without oral argument and VACATES the hearing set for September 30, 2026. Fed. R. Civ. P. 78(b); L.R. 7-15. For the following reasons, the Court GRANTS the Motion.

## I. BACKGROUND

In this employment discrimination action, Plaintiff alleges that she was subject to discrimination, harassment, and wrongful termination during her employment at Michaels Stores and under the supervision of McCann and Christensen. *See generally* Compl., Dkt. No. 1-2. Plaintiff filed this action in the Los Angeles Superior Court on May 22, 2026, asserting claims for multiple violations of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900, *et seq*.; wrongful termination; whistleblower retaliation in violation of Cal. Labor Code § 1102.5, *et seq*.; intentional infliction of emotional

distress ("IIED"); negligent hiring, retention, and supervision; and sexual harassment in violation of Cal. Gov't Code § 12940(j).[1] *Id.* Defendants removed this action to federal court on July 2, 2026, asserting diversity jurisdiction. Dkt. No. 1. Plaintiff moved to remand on August 3, 2026. Dkt. No. 12.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs. *Id.* §§ 1331, 1332(a). "The party invoking the removal statute has the burden of establishing federal jurisdiction." *Holcomb v. Bingham Toyota*, 871 F.2d 109, 110 (9th Cir. 1989). "Any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citation modified).

## III. DISCUSSION

Plaintiff moves to remand for lack of subject matter jurisdiction, arguing that Defendants have not established complete diversity. Mot. at 8. Defendants argue that McCann and Christensen were fraudulently joined to defeat diversity jurisdiction. Opp'n at 2.

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citation omitted). "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (citation modified). The latter applies "if a defendant shows that an individual joined in the action cannot be liable on any theory." *Id.* (citation modified). However, "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the

[1] As to the individual defendants, McCann and Christensen, the Complaint brings claims for harassment in violation of FEHA, IIED, and sexual harassment.

federal court must find that the joinder was proper and remand the case to the state court." *Id.* (emphasis in original) (citation modified). A defendant bears the "heavy burden" of invoking diversity jurisdiction based on fraudulent joinder given the "general presumption against [finding] fraudulent joinder." *Id.* (alteration in original) (citation omitted).

Arguments that "go to the sufficiency of the complaint, rather than to the possible viability of the . . . claims" do not establish fraudulent joinder. *Id.* at 552; *see also Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) ("[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant."). Courts must consider "whether a deficiency in the complaint can possibly be cured by" amendment. *Grancare*, 889 F.3d at 550; *see also Padilla*, 697 F. Supp. 2d at 1159 ("Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency.") (citation modified).

Defendants argue that, as to the individual defendants, (1) Plaintiff's harassment claims fail because the alleged misconduct constitutes non-actionable personnel decisions or does not rise to the level of harassment, and (2) Plaintiff's IIED claim fails because Plaintiff cannot establish extreme or outrageous conduct. Opp'n at 4. These arguments challenge the sufficiency of Plaintiff's claims as pleaded but do not establish that "there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant." *See, e.g.*, *Padilla*, 697 F. Supp. 2d at 1159–60 (citation omitted) (noting that although a plaintiff did not plead sufficient facts to state a claim for harassment under FEHA against a supervisor involved in the plaintiff's termination, "a state court plaintiff engaging in a common strategy of pleading broadly does not engage in a fraud or sham"). Even when assuming, without deciding, that the allegations in Plaintiff's Complaint are insufficient to state a claim, Defendants do not sufficiently explain why Plaintiff could not amend the Complaint to add additional factual allegations beyond those considered inadequate by Defendants. *See* Opp'n at 10; *see also, e.g.*, *Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1034 (C.D. Cal. 2016) ("[T]hough Plaintiff's operative complaint does not adequately allege a cause of action against [the non-diverse individual defendant] for IIED, Defendants have not met their burden of establishing that Plaintiff is incapable of amending his complaint to state a valid IIED claim.")

Accordingly, the Court finds that McCann and Christensen were not fraudulently joined and the Court therefore cannot disregard their citizenship for diversity jurisdiction purposes. Defendants represent, and Plaintiff does not dispute, that Plaintiff is a citizen of California and Michaels Stores is a citizen of Delaware and Texas. Notice of Removal ("NOR") at 5, Dkt. No. 1; Mot. at 4. Defendants, however, do not address the citizenship of McCann and Christensen, and therefore have not met their burden of establishing complete diversity. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857–58 (9th Cir. 2001) (holding that "the party asserting diversity jurisdiction bears the burden of proof" and that a "failure to specify [a party's] state citizenship was fatal to Defendants' assertion of diversity jurisdiction"); *see also, e.g.*, *Harris v. Walmart Inc.*, 2022 WL 2132588, at *2 (C.D. Cal. June 13, 2022) ("Where a defendant has sufficient information to identify and discover the citizenship of its employees, courts do not permit the defendant to plead ignorance of the employee's citizenship.") (citations omitted). Without complete diversity of citizenship, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is GRANTED. The case is remanded to the Los Angeles Superior Court, Case No. 26STCV16464. All dates are vacated, and the Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**